# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DAVID BENNETT,

    Plaintiff,

v.

REX HARPER; and JAMIE MERRITT,

    Defendants.

CIVIL ACTION NO.: 5:18-cv-48

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff brought this 42 U.S.C. § 1983 action while confined in Washington State Prison in Davisboro, Georgia, to contest certain events allegedly occurring in Coffee County, Georgia. Doc. 1. Plaintiff seeks damages for Defendants' August 22, 2015 search of his room and his subsequent arrest and pre-trial detention. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** with prejudice Plaintiff's claims for false arrest and false imprisonment. However, Plaintiff's Fourth Amendment unreasonable search claim against Defendants shall proceed. Consequently, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon Defendant Harper and Defendant Merritt by the United States Marshal without prepayment of cost.

## **BACKGROUND**

On August 22, 2015, Defendant Harper and Defendant Merritt went to Plaintiff's residence to assist with an eviction against the lessee, Anna Railey.[1] Doc. 1 at 5–6, 9–10. Railey had sublet two rooms, one to Plaintiff and one to another resident. Id. When Defendants

---

[1] Defendant Harper is employed by the City of Broxton Police Department while Defendant Merritt is a deputy at the Coffee County Sheriff's Department. Doc. 1 at 9.

arrived, Plaintiff and the other resident learned of the pending eviction action against them for the first time. Id.

At some point, Defendant Merritt entered Plaintiff's bedroom without Plaintiff's consent and began to question Plaintiff about possible contraband in his bedroom. Id. at 7–8, 11. Soon after, Defendant Harper entered Plaintiff's room (also without Plaintiff's consent) and noticed illegal items in plain view, including a small amount of marijuana. Id. Defendants then searched the room and discovered a box of methamphetamine under the bed. Id.

Plaintiff was arrested and charged with offenses arising from the search. Id. On January 13, 2017, the Superior Court of Coffee County found the search unconstitutional and granted Plaintiff's motion to suppress. Id. at 9–16. Plaintiff alleges that, as a result of this search, he was arrested and remained incarcerated until he could afford a bond. Id. at 7. He requests, as relief, $200,000 in compensatory damages and expungement of all records related to the case. Id. at 8.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Fourth Amendment Claims

Construing the pleadings liberally, the Court finds that Plaintiff asserts three § 1983 claims: (1) unreasonable search; (2) false arrest; and (3) false imprisonment. Doc. 1 at 5–8. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. A plaintiff can allege a colorable § 1983 claim for unreasonable search in violation of the Fourth Amendment violation by claiming that officers searched an area in which he had a reasonable expectation of privacy without a warrant or consent. See O'Rourke v. Hayes, 378 F.3d 1201, 1209–10 (11th Cir. 2004).

"False arrest and imprisonment claims provide recovery for damages between the time of arrest or seizure and the issuance of legal process." Williams v. Georgia, No. 4:10-cv-042, 2010 WL 1737604, at *2 (S.D. Ga. Apr. 6, 2010). "A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim" for a false arrest.

Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004) (quoting Marx v. Gumbinner, 905 F.2d 1503, 1505 (11th Cir. 1990)); Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996) ("A detention on the basis of a false arrest presents a viable section 1983 action."). Additionally, when "a police officer lacks probable cause to make an arrest," there is also a "claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Ortega, 85 F.3d at 1526. However, in most circumstances, the "existence of probable cause at the time of arrest" is "an absolute bar to a section 1983 action" for both false arrest and false imprisonment claims. Kingsland, 382 F.3d at 1226; Ortega, 85 F.3d at 1526.

Here, Plaintiff alleges Defendants searched his room, an area where he has a reasonable expectation of privacy, without consent or a warrant and in violation of his Fourth Amendment rights. Doc. 1 at 5–16. In support of his claim, he submits a copy of the superior court order granting his motion to suppress in the criminal action resulting from the search. Id. at 9–16. Based on these facts, Plaintiff's Fourth Amendment claim for an unreasonable search passes this Court's requisite frivolity review.

Plaintiff's false arrest and imprisonment claims, however, should be dismissed. Plaintiff argues "he was arrested [and] detained in a detention center" due to an illegal search. Id. at 7. In other words, Plaintiff contends his arrest and detention were based solely on contraband obtained during an unconstitutional search, and without the contraband, Defendants lacked probable cause to arrest and detain him. Plaintiff's theory has been rejected by the Eleventh Circuit. In a criminal case, illegally obtained evidence may be excluded in many circumstances; but in a civil action, such as this one, even evidence obtained during an unconstitutional search should be considered in determining whether police officers had probable cause for an arrest. Black v. Wigington, 811 F.3d 1259, 1268 (11th Cir. 2016) ("[T]he exclusionary rule does not apply in a

5

civil suit against police officers."). Here, the contraband Defendants obtained during the search plainly provided probable cause to arrest and detain Plaintiff, and evidence of that contraband is not subject to exclusion because this is civil case. As a result, Plaintiff's false arrest and imprisonment claims fail. I, therefore, **RECOMMEND** the Court **DISMISS with prejudice** Plaintiff's claims for false arrest and false imprisonment.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** with prejudice Plaintiff's claims for false arrest and false imprisonment. However, as explained above, Plaintiff's unreasonable search claim against Defendants Harper and Merritt shall proceed. A copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon Defendant Harper and Defendant Merritt by the United States Marshal without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

### **INSTRUCTIONS TO DEFENDANTS**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until60 days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

In the event Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely

not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness seriatim during the deposition.  Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery.  See generally Fed. R. Civ. P. 26 *et seq*.  The discovery period in this case will expire 140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period.  Local R. 26.1.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in

connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any

question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Defendants may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume he does not oppose Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any

material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 10th day of May, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA