
ATTEST:
A TRUE COPY CERTIFIED
Scott L. Poff, Clerk
United States District Court

*By crobinson at 12:52 pm, Mar 05, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DAVID BENNETT,

    Plaintiff,

v.

REX HARPER; and JAMIE MERRITT,

    Defendants.

CIVIL ACTION NO.: 5:18-cv-48

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motions to Dismiss. Docs. 17, 20. For the reasons set forth below, I **RECOMMEND** the Court **GRANT** Defendants' Motions and **DISMISS** Plaintiff's claims as barred by the applicable statute of limitations. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

Plaintiff's claims stem from the search of his residence. Doc. 1. On August 22, 2015, Defendants Harper and Merritt went to Plaintiff's residence to assist with an eviction against the lessee, Anna Railey.[1] Id. at 5–6, 9–10. Railey had sublet two rooms, one to Plaintiff and one to another resident. Id. Defendants' arrival was the first time Plaintiff or the other resident learned about the eviction. Id.

At some point, Defendant Merritt entered Plaintiff's bedroom without his consent and began to ask questions about possible contraband in the bedroom. Id. at 7–8, 11. Soon after,

---

[1] Defendant Harper is employed by the City of Broxton Police Department while Defendant Merritt is a deputy at the Coffee County Sheriff's Department. Doc. 1 at 9.

Defendant Harper entered Plaintiff's room (also without Plaintiff's consent) and noticed illegal items in plain view, including a small amount of marijuana.  Id.  Defendants then searched the room and discovered a box of methamphetamine under the bed.  Id.

Plaintiff was arrested and charged with offenses arising from the search.  Id.  On January 13, 2017, the Superior Court of Coffee County found the search unconstitutional and granted Plaintiff's motion to suppress all evidence recovered as a result of the search.  Id. at 9–16.  On January 27, 2017, prosecutors with the Waycross Judicial Circuit moved for a judgment of *nolle prosequi* against Plaintiff, which was granted.  Id. at 9.  Plaintiff maintains this unconstitutional search caused him to be incarcerated until he could afford a bond.  Id. at 7.  Plaintiff brought this action on June 8, 2018.  Id.  Plaintiff requests as relief $200,000 in compensatory damages and expungement of all records related to the case.  Id. at 8.

In his 42 U.S.C. § 1983 Complaint, Plaintiff alleged Fourth Amendment violations for: (1) unreasonable search; (2) false arrest; and (3) false imprisonment.  Doc. 1 at 5–8; Doc. 10 at 4.  I issued a Report recommending dismissal of the claims of false arrest and false imprisonment, which was adopted by the Court.  Docs. 10, 12.  Plaintiff's unreasonable search claim proceeded and was served on Defendants.  Doc. 10.  On July 12, 2019, Defendant Harper filed a Motion to Dismiss, doc. 17, as did Defendant Merritt on August 5, 2019.  Doc. 20.  Plaintiff responded to Defendant Harper's Motion.  Doc. 23.  On August 23, 2019, Plaintiff stated he had not received a copy of Defendant Merritt's Motion to Dismiss and asked for it to be re-sent.  Doc. 26.  On August 23, 2019, Defendant Merritt maintained his Motion to Dismiss was indeed mailed to Plaintiff, but he was not opposed to any extension of time to allow Plaintiff to respond.  Doc. 27.  It is unclear whether Defendant Merritt re-sent Plaintiff his Motion to Dismiss.  On September 16, 2019, Plaintiff filed a motion for extension of time to respond to Defendant Merritt's Motion

to Dismiss, as he had received finally received Defendant Merritt's Motion on August 30, 2019. Doc. 28. The Court granted Plaintiff's motion and directed him to file his response on or before October 11, 2019. Plaintiff was given ample time to file a response to Defendant Merritt's Motion to Dismiss but ultimately declined to do so.

Plaintiff responded only to Defendant Harper's Motion to Dismiss. Doc. 17. Plaintiff's allegations against Defendants Harper and Merritt are substantially similar. Doc. 1. The arguments both Defendants make in their Motions to Dismiss are likewise substantially similar. Docs. 17, 20. Although Plaintiff did not file a response to Defendant Merritt's Motion, due to the similarity of the facts and underlying legal arguments, the Court will consider Plaintiff's Response, doc. 23, in its recommendation on both Motions to Dismiss.

## DISCUSSION

Given the time that elapsed between Defendant's search of Plaintiff's bedroom and the filing of this action, Defendants contend Plaintiff's suit is barred by the applicable statute of limitations. Doc. 17-1 at 6–7; Doc. 20-1 at 4–5. Plaintiff, citing Heck v. Humphrey, 512 U.S. 477 (1994), argues his suit is timely because the limitations period did not begin to run until the cessation of the criminal action against him. Doc. 23 at 3–4.

In determining whether Plaintiff's claims are time-barred, the Court must: (1) determine the applicable statute of limitations on Plaintiff's § 1983 claims; and (2) identify when the limitations period began to run and whether Plaintiff brought his claims within the statute of limitations period.

**I.  Applicable Statute of Limitations**

Despite creating a federal cause of action, § 1983 looks to state law for the length of the applicable statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). For actions

brought under § 1983, federal courts apply the forum state's statute of limitations for personal injury actions. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). In Georgia, the forum state for this cause of action, the statute of limitations for personal injury actions is two years. O.C.G.A. § 9-3-33; Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006).

**II.     Accrual**

Plaintiff's claims arise from Defendants' search of his bedroom and arrest on August 22, 2015. Doc. 1. Generally, the statute of limitations for these claims "begins to run from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (quoting Rozar v. Mullis, 85 F.3d 556, 561–62 (11th Cir. 1996)). However, Plaintiff argues accrual of his claims is deferred under Heck and his claims did not accrue on August 22, 2015, because "a [§] 1983 complaint can't be filed until a criminal proceeding has been stopped and ruled in favor of the defendant." Doc. 23 at 3–4.

In Heck, the United States Supreme Court held that a claim for malicious prosecution accrues only where "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," as one element of the tort is a favorable termination. 512 U.S. at 486–87. The Court held that Heck's claim was not cognizable under § 1983 because recovery would "necessarily imply the invalidity" of his outstanding conviction. Id. The Court reasoned that a § 1983 damages action was not the appropriate vehicle for challenging the validity of outstanding criminal judgments. Id. at 486. Heck left open the question of whether a claim is cognizable under § 1983 if its success would necessarily imply the invalidity of a future conviction.

Later, in Wallace v. Kato, the Supreme Court refused to extend Heck to a § 1983 claim for false arrest in which there was no outstanding criminal conviction at the time of accrual. 549 U.S. 384, 393 (2007). The Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397. The Court clarified that the Heck bar is applicable only when, at the time the § 1983 suit would normally accrue (the time at which there is a complete cause of action), there is an existing criminal conviction. Id. at 393. Several federal courts have determined claims similar to Plaintiff's—"[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." Giddens v. Lawson, 734 F. App'x 706, 710 (11th Cir. 2018) (finding claims against officers who executed search accrued at the time of the search, where plaintiff brought an action seeking damages related to the search of his home and the resulting criminal prosecution); Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 558 (10th Cir. 1999) (quoting Johnson v. Johnson Cty. Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991)). When Defendants searched Plaintiff's bedroom, no outstanding criminal conviction existed that a § 1983 suit would undermine. Accordingly, Heck did not defer accrual of Plaintiff's unreasonable search claims, which accrued on August 22, 2015.

The Court concludes Plaintiff's claim accrued August 22, 2015, and the time of the unreasonable search and the applicable statute of limitations is two years. Thus, the limitations period for Plaintiff's claim closed on August 22, 2017. Plaintiff's suit was not brought until June 8, 2018, more than nine months after the limitations period had run. See Doc. 1. Thus,

Plaintiff's suit is time-barred.[2]  Accordingly, I **RECOMMEND** the Court **GRANT** Defendants' Motions, docs. 17, 20, and **DISMISS** Plaintiff's claims as barred by the applicable statute of limitations.[3]

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motions, docs. 17, 20, and **DISMISS** Plaintiff's claims as barred by the applicable statute of limitations.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Courts to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS a**ny party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat

---

[2] Plaintiff only argues Heck defers the accrual of his claim until after the charges against him resulted in a favorable termination.  Doc. 23 at 4–5.  Plaintiff does not argue his claims were tolled in any way.  If Plaintiff had argued some sort of tolling doctrine did apply to his claims, this argument would likely fail.  See Bridgewater v. DeKalb County, No. 1:10-cv-1082, 2010 WL 11507266, at *6–8 (N.D. Ga. July 12, 2010) (providing an analysis of various federal and state tolling doctrines and their applicability to unreasonable search and other claims, analogous to those in the instant action).

[3] Because I recommend that the Court grant Defendants' Motions to Dismiss on statute-of-limitations grounds, it is unnecessary to address the other arguments raised in these Motions.

legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of March, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA